F. A. HORNBECK ET AL. v. JOHN J. TERRELL, COMMISSIONER, ET AL.

Decided January 25, 1905.

**1.—School Land—Purchase—Regulations of Land Office.**

The Commissioner of the General Land Office is authorized, under section 8 of the Act of April 19, 1901, to adopt proper regulations governing the sale of timber on school lands; and a regulation requiring the purchaser to make application in writing upon suitable forms prepared by the Commissioner was proper.

**2.—Same.**

Where the rules of the General Land Office require applications for a purchase of timber upon school land to be made in writing, upon suitable forms pre-

pared for that purpose, an offer to sell by him could not be closed by acceptance by telegram from the purchaser.

Appeal from the District Court of Travis. Tried below before Hon. George Calhoun.

*W. R. Thurmond* and *Gregory & Batts,* for appellants.—The application by and in behalf of plaintiffs, the correspondence with the Commissioner, the actions of the Commissioner and the payment into the Treasury of the State of the price asked by the Commissioner constituted a valid sale to defendants.

There may be a valid sale of timber by the Commissioner of the Land Office without a formal application in writing by the purchasers. Sec. 8, Act 1901.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant, for appellee Terrell.—The District Court has no jurisdiction by writ of injunction or otherwise to control the action of the Commissioner of the General Land Office. Bledsoe v. International R. R. Co., 40 Texas, 537; Galveston, B. & C. N. G. Ry. Co. v. Gross, 47 Texas, 428; Taylor v. Hall, 71 Texas, 213; Thomson v. Baker, 90 Texas, 169.

*Cochran & Penn* and *E. Cartledge,* for appellee, M. T. Jones Lumber Company.—The Land Commissioner being vested by law with authority to adopt such regulations for the sale of timber on the timbered land as he may deem necessary and judicious, and since the evidence shows that it was the rule of Commissioner Terrell, and all his predecessors in office, since 1887, to uniformly require written application, for such timber, of a certain printed form in substance, and since the appellants failed to show that they at any time between January 19 to and including January 26, 1904, complied with this uniform rule and requirement by filing in the Land Office applications for the timber involved, of the form required, the trial court correctly held they were not entitled to recover the timber sued for. Acts 27th Leg., Reg. Ses., Laws of 1901, p. 296, sec. 8; Sayles' Texas Civ. Stats., art. 4218g; Sayles' Texas Civ. Stats., art. 4295; Tolleson v. Rogan, 96 Texas, 424, 73 S. W. Rep., 524; McGee v. Corbin, 96 Texas, 35, 70 S. W. Rep., 80.

The Land Commissioner being by law made in effect but the agent of the State in matter of sale of its timber, his express acceptance of, or assent to, an offer to purchase such timber is necessary to constitute a sale thereof, and since appellants have failed to show an acceptance of their offer to purchase the timber involved, they are not entitled to recover.

EIDSON, Associate Justice.—This is an action by F. A. Hornbeck and the other appellants against the M. T. Jones Lumber Company and John J. Terrell, Commissioner of the General Land Office, appellants claiming that they had purchased from the State the timber on the land described in their petition, and that the defendant, M. T. Jones Lumber Company, had filed an application for the purchase of the same timber and had paid the price asked therefor into the State Treasury, after appellants, plaintiffs below, had applied for and paid for said timber.

Appellants alleged in their petition that the Commissioner of the General Land Office had indicated an intention of awarding the timber to defendant M. T. Jones Lumber Company; that such award would cloud the title of appellants and would render it impossible for them to take possession of said property or to sell the same. Appellants prayed that the Commissioner be enjoined from awarding or selling said timber to the M. T. Jones Lumber Company, and that judgment be given against the defendant, the M. T. Jones Lumber Company for the property. A temporary injunction was granted.

The appellees, defendants in the court below, answered by general demurrer and general denial. The court below overruled their demurrers, and upon the trial gave judgment for the appellees, defendants below, and dissolved the injunction.

Appellants claim that the following telegrams and other correspondence between them and John J. Terrell, the Commissioner of the General Land Office, constitute a purchase by them, and a sale by the said Commissioner to them, of the timber involved in this suit:

"1. On January 17, 1904, J. J. Terrell, Commissioner of the General Land Office, received the following telegram:

" 'Hemphill, Texas, via San Augustine, January 17, 1904.
" 'State Land Office, Austin Texas.
Is section number forty-six, Sabine County, for sale? Wire price and terms my expense.
J. D. Labrie.'

"Which telegram was answered on January 18, 1904, as follows:

" 'Austin, Texas, January 18, 1904.
" 'J. D. Labrie, Hemphill, via San Augustine, Texas.
" 'Section forty-six, Sabine County, classed as timbered land at Five Dollars per acre cash. Timber not sold.
" 'John J. Terrell, Commissioner.'

"2. On January 19, 1904, J. J. Terrell, Land Commissioner, received the following telegram:

" 'Hemphill, Texas, January 19, 1904.
" 'State Land Office, Austin Texas.
" 'Forward me here immediately blank applications timber purchase state lands.
" 'J. D. Labrie.'

"In pursuance of said telegram on January 19, 1904, John J. Terrell, Commissioner of the General Land Office, forwarded blanks in use in the General Land Office for the purpose of making applications for the purchase of timber, as requested in said telegram.

"3. On January 25, 1904, John J. Terrell, Commissioner of the General Land Office, received the following telegram:

" 'Kansas City, Mo., January 23, 1904.
" 'State Land Commissioner, Austin, Texas.

" 'J. D. Labrie of Hemphill, Texas, has made application to purchase sections numbers 2 and 46, Sabine County. Wire me amount of cash required to hold these sections for Labrie.

" 'F. A. Hornbeck.'

"Which telegram was answered as follows:

" 'Austin, Texas, January 25, 1904.
" 'F. A. Hornbeck, Kansas City, Mo.

" 'Section 2, H. E. & W. T. Ry. Co., 320 acres, $1,120 section 46 for 640 acres $3,200.

" 'John J. Terrell, Comr.'

"4. On January 25, 1904, John J. Terrell, Commissioner of the Land Office, received the following telegram:

" 'Kansas City, Mo., January 25, 1904.
" 'John J. Terrell, Commissioner of the General Land Office, Austin, Texas.

" 'Have wired you through Austin National payment for section 2, Sabine County, south of and adjoining Elis Low survey and for section 46 adjoining. If application made for purchase by Joseph D. Labrie he is acting for Milton Toole, Jr., my client. Send me necessary application forms and instructions and wire acknowledgment.

" 'F. A. Hornbeck.'

"And in answer to said telegram on January 25, 1904, John J. Terrell, Commissioner, telegraphed F. A. Hornbeck as follows:

" 'Austin, Texas, January 25, 1904.
" 'F. A. Hornbeck, Kansas City, Mo.

" 'Application to purchase timber on sections 2 and 46, Sabine County, mailed to Labrie on 19th inst. At this date no application to purchase filed here. Application to purchase timber, this day forwarded to you.

" 'John J. Terrell, Commissioner.'

"And in further answer to said telegram on January 26, 1904, John J. Terrell, Commissioner, wrote to F. A. Hornbeck the following letter:

" 'January 26, 1904.
" 'Mr. F. A. Hornbeck, Kansas City, Mo.

" 'Dear Sir. Following my wire of yesterday, being an acknowledgment of your wire announcing the payment through the Austin National Bank of this city of $4,320 cash payment for the timber on section 2, H. E. & W. T. Ry. Co., and section 46, T. & N. O. Ry. Co., in Sabine County, I have to inform you that at this date, neither Mr. Joseph J. Labrie, nor anyone else has filed application to purchase the timber on the two sections in question, as stated in my wire and according to my instructions, applications to purchase timber were forwarded to

Mr. Labrie on the 19th inst. Until his applications to purchase timber are filed in this office, there is nothing that this department can do.

" 'The Austin National Bank has just phoned me that they hold subject to my order the $4,320, which I have instructed them to deposit with our State Treasurer, subject to further orders.

" 'Herewith I enclose applications to purchase timber lands together with a sheet copy of the law regulating sale of timber on school lands, which is in accordance with your instructions by wire of yesterday.

Yours truly,<br>
" 'John J. Terrell, Commissioner.'

"5. On January 25, or January 26, 1904, John J. Terrell, Commissioner, received from Joseph D. Labrie the following telegram:

" 'Hemphill, Texas, January 25, 1904.

" 'To John J. Terrell, Commissioner, Austin, Texas.

" 'Will take timber state sections number 2, H. E. & W. T. certificate twelve ninteen and forty-six, T. & N. O. certificate five thirty three money has been sent mail me application.

" 'J. D. Labrie.'

"6. And on January 26, 1904, John J. Terrell, Commissioner, received the following letter from Joseph D. Labrie:

" 'Hemphill, Texas, January 24, 1904.

" 'Mr. Jno. J. Terrell, Comr., Austin, Texas.

" 'Dear Sir. Yours of the 21st inst. received for which I thank you. I am just in receipt of a wire informing me that money was sent you to pay for state section (timber) numbered 2, H. E. & W. T. Ry., certificate numbered 1219 and state section (timber) number 46, T. & N. O. Ry., certificate number 533. These I am informed are priced (for the timber only) at $3.50 and $5 per acre respectively. I have lost the application which you so kindly sent me the other day, and I wish you would send me one-half dozen applications as there might be other sections I might wish to buy. Kindly let me hear from you and let me know if section number 2, H. E. & W. T. Ry., certificate number 1219, is for sale as well as the other about which you wrote me. Your usual promptness will be appreciated.

" 'Yours truly,<br>
" 'J. D. Labrie.' "

Section 8 of the Act of the Legislature of April 19, 1901, relating to the sale and lease of public free school and asylum lands, etc., insofar as it applies to the question involved in this action, is as follows: "The Commissioner of the General Land Office shall adopt such regulations for the sale of timber on the timbered lands as may be deemed necessary and judicious. Such timber shall not be sold for less than $5 per acre, cash, except in such cases as the Commissioner may ascertain by definite examination by an approved agent appointed by him for that purpose, to be paid by the purchaser, to be sparsely timbered, or containing timber of but little value, in which case he may sell the timber on such sections

or part of sections at its proper value, provided such timber is sold at not less than $2 per acre."

This provision of law evidently authorizes the Commissioner of the General Land Office to adopt a rule requiring as a prerequisite to the purchase of timber on the timbered lands referred to, that the person desiring to purchase same should make and file in the General Land Office a written application therefor of a certain prescribed form in substance. A manifest reason for such requirement is that it would materially aid in the proper and orderly conduct of the business relating to the sale of such timber. It would furnish a convenient and plain record of the fact of the application's being made and the particular timber to which it relates, so that persons subsequently desiring to purchase same could readily obtain information that there was a previous application therefor; and thus confusion and conflicting claims in reference to the same timber be avoided.

The testimony of J. T. Robinson, chief clerk of the General Land Office, showed that in making sales of timber under the law hereinbefore referred to, it was the uniform rule of the Commissioner of the General Land Office to require written applications to be made by persons desiring to purchase the same; that he adopted the printed form of application which had been invariably in use since 1887, and that no sale had been made of such timber by the Commissioner of the General Land Office, except in pursuance of and based upon a written application upon the prescribed form. The evidence in the record shows that the appellants knew of this rule and failed to comply with it. The Supreme Court in the cases of Tolleson v. Rogan, 96 Texas, 424, 73 S. R. Rep., 524, and McGee v. Corbin, 96 Texas, 35, 70 S. W. Rep., 80, practically hold that where the Commissioner of the General Land Office, in the conduct of the business of his office, has adopted a rule and for a considerable length of time has invariably observed it, persons dealing with him in reference to the business to which the rule relates, would be held to have assented to it.

We are of opinion that the telegrams and other correspondence between the Commissioner of the General Land Office and the appellants, upon which they, appellants, rely as constituting a sale of the timber in controversy, do not show a sale thereof; and, therefore, there was no error in the judgment of the court below in so holding and in dissolving the temporary injunction.

This disposition of the case renders it unnecessary for us to pass upon the other question presented by appellants' assignments of error.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.